# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | **Case No. 18-03060-03-CR-S-RK** |
| **MICHAEL P. KLOTZ**, | |
| Defendant. | |

### UNITED STATES' MOTION FOR PRETRIAL DETENTION AND FOR A HEARING PURSUANT TO 18 U.S.C. § 3142(e) and (f)

Comes now the United States of America, by Timothy A. Garrison, United States Attorney, and the undersigned Assistant United States Attorney, both for the Western District of Missouri, and hereby moves the Court to detain the defendant pending trial of this matter and to hold a detention hearing pursuant to 18 U.S.C. §§ 3142(e)(1), 3142(f)(1)(E) and 3142(f)(2)(A).

### SUPPORTING SUGGESTIONS

1.  18 U.S.C. § 3142(f)(1)(E) provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person and the community if the attorney for the Government moves for such a hearing and if the case is one that involves any felony that is not otherwise a crime of violence that involves the possession of a firearm.

2.  Upon motion of the attorney for the Government or by motion of a judicial officer, 18 U.S.C. § 3142(f)(2)(A) also requires a detention hearing in a case that involves a serious risk that the defendant will flee.

3.  One or more grounds for pretrial detention and a pretrial detention hearing as set forth by the United States Code exists in the above cause, to wit: this defendant is currently facing

numerous charges related to his participation in conspiracies to commit fraud and mail theft, in violation of 18 U.S.C. §§ 1349, 371, 1343, and 1708, and his possession of a modified firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and 26 U.S.C. § 5861(c) and (d), including possession of a shotgun that was not registered to him and made so that it had a barrel less than 18 inches in length. *See* 18 U.S.C. § 3142(f)(1)(E). Further, there is a serious risk that the defendant will flee due to the potential lengthy sentence associated with this case given his criminal history, which includes prior state misdemeanor convictions for peace disturbance, property damage, stealing (two), driving while intoxicated, resisting arrest, and assault in the third degree, and prior felony convictions for stealing, possession of a controlled substance (three), leaving the scene of an accident, tampering in the first degree, and creation of a controlled substance. *See* 18 U.S.C. § 3142(f)(2)(A). Further, the defendant was on bond for a pending felony charge of knowingly burning at the time of this offense.[1] The defendant's release will present a continued substantial risk to the community.

4. Moreover, the factors outlined in 18 U.S.C. § 3142(g) - the nature and circumstances of the charged offenses, the weight of the evidence, the defendant's history and characteristics, and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release - each demonstrate that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) that will reasonably assure the appearance of the defendant as required and the safety of other persons and the community. This is especially true considering that § 3142(g)(1) specifically lists as consideration whether the offense charged involves a firearm, subsection (3)(A) considers an offender's history relating to drug or alcohol abuse, and

---

[1] In 2017, Taney County, Missouri, charged the defendant with knowingly burning, for an offense on August 21, 2017, in case number 1746CR02846-01. Taney County dismissed this case upon the return of the indictment in the instant case.

subsection (3)(B) considers whether the offender was on release pending trial at the time of the current offenses.

5. The Government is aware of the following evidence, which supports its motion for detention in light of the factors listed above:

    a. The defendant received felony convictions in the state of Missouri for stealing, possession of a controlled substance (three), leaving the scene of an accident, creation of a controlled substance, and tampering in the first degree. For the three latter convictions, he received terms of imprisonment of five years, six years, and four years, respectively. Additionally, for his 2002 conviction for possession of a controlled substance, he received probation, which was revoked in 2009. The defendant received misdemeanor convictions in Missouri for peace disturbance in the first degree, property damage in the second degree, stealing (two), driving while intoxicated, resisting arrest, and assault in the third degree.

    b. At the time of these offenses, the defendant was released pending trial in Taney County, Missouri, case number 1746CR02846-01, under which he was charged with the felony of knowingly burning.

    c. In relation to the nature and circumstances of the offenses charged, the defendant is charged by indictment with conspiracy to commit bank fraud and/or wire fraud, in violation of 18 U.S.C. § 1349; conspiracy to commit mail theft, in violation of 18 U.S.C. § 371; two counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2; three counts of possession of stolen mail, in violation of 18 U.S.C. §§ 1708 and 2; possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); possession of an illegally made firearm, in violation of 26 U.S.C. § 5861(c); and possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d).

    d. The defendant is a flight risk because he is now facing a considerable amount of prison time due to the offenses charged and his criminal history. Further, the defendant has a history of disregarding law enforcement and court orders, as evidenced by his prior conviction for resisting arrest and the revocation of his probation stemming from his 2002 possession of controlled substances conviction.

    e. In relation to the weight of the evidence supporting the charges in the instant indictment, the following is presented to the Court:

        i. On February 1, 2018, surveillance cameras at The Home Depot and Casey's General Store, in Taney County, within the Western District of Missouri, captured the defendant, Michael P. Klotz, along with co-defendant, Raymond E. Forrester, Jr., using two stolen credit cards to purchase various items.

ii. On February 13, 2018, Branson, Missouri, Police Department Detective Yarnell, Taney County Sheriff's Office Sergeant Luttrell, and United States Postal Inspection Service Special Agent ("SA") Christopher Eby responded to Room 104 of the Outback Motel in Taney County, Missouri.

iii. Upon arrival, the law enforcement officers contacted the defendant, co-defendant Barry Hannah, and a female, who were all present in the room. The officers gained consent to enter the room and consent to search certain items within the room. The defendant stated to the officers that he had used an identification, later determined to be a driver's license stolen from a mailbox, of another individual to rent the room. Officers discovered other stolen identification cards and credit cards on the person of the defendant. Hannah stated to the officers that there was a gun under the mattress of one of the beds. After locating the stolen items and suspected controlled substances, and after confirming that the defendant and the female had active warrants, the officers arrested each of the individuals.

iv. At that point, the officers spoke with the hotel clerk and informed her that the three subjects were going to jail. The clerk then stated that she wished for all three individuals to be trespassed from the property. The officers conducted a complete search of the room and located a sawed-off shotgun between the mattress and box spring of the bed that the defendant was sitting on. The officers identified the shotgun as a Harrington and Richardson, 12-gauge shotgun, bearing serial number 179219. Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") SA Matthew Jones later observed that the barrel of the firearm was less than 18 inches in length. He also examined the firearm and determined that the firearm functioned as designed. ATF SA Brian Fox later determined that the shotgun had been manufactured outside of the state of Missouri and, thus, would have had to travel in interstate commerce to arrive in the state of Missouri.

v. SA Jones and Detective Luttrell conducted a post-Miranda interview of the defendant on February 14, 2018. During the interview, the defendant stated that he knew that he was a convicted felon and that his fingerprints might be on the firearm, as he had touched it. He further stated that he knew the firearm was in the room. The defendant said he had observed the firearm in its original size before it was cut down, and he had observed another individual bring it to the hotel room. The defendant admitted that the suspected controlled substances were his.

6. The defendant's lengthy criminal history, which includes convictions for resisting arrest, and the facts that he was on bond awaiting trial on another felony offense at the time of the instant offenses and he had a prior term of probation revoked, clearly demonstrate his complete disregard for law enforcement and the rule of law. In the instant case, the defendant participated

in, and acted to further, conspiracies to steal mail and defraud innocent citizens and entities out of money for his own personal financial gain, all while he knowingly and unlawfully possessed a sawed-off shotgun and controlled substances. As such, this defendant is a continuing danger to the community in general.

7. The defendant's repeated laws violations clearly indicate that he has no respect for the law, he is a flight risk, and he will continue to be a severe risk to the safety of the community should he be allowed out on bond.

8. 18 U.S.C. §§ 3142(g)(1) and 3142(g)(3)(A) specifically mention as factors for consideration offenses involving a firearm and the offender's history relating to drug or alcohol abuse. Subsection (3)(B) further mentions as a factor whether the offender was on release pending trial at the time of the instant offense. The fact that Congress determined these factors to be important enough to single out shows its intent to give these factors more weight in the Court's decision regarding detention. As such, the presence of these factors in the case at hand weighs heavily in favor of detention.

9. Based upon the foregoing, the United States submits that there is clear and convincing evidence that there are no conditions the Court could impose that would reasonably assure the safety of the community if the defendant were released, and a preponderance of the evidence exists that no condition or combination of conditions imposed on the defendant would reasonably assure the defendant's appearance if he were released.

**WHEREFORE**, the United States requests a pretrial detention hearing and that the defendant be detained pending trial.

    Respectfully submitted,

    Timothy A. Garrison
    United States Attorney

By    */s/ Casey Clark*
    Casey Clark
    Assistant United States Attorney
    Mo. Bar No. 57968
    901 St. Louis Street
    500 Hammons Tower
    Springfield, Missouri 65806
    Telephone: (417) 831-4406

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 21st day of June, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

                                          */s/ Casey Clark*
                                          Casey Clark
                                          Assistant United States Attorney